IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 07-00406 SOM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | DISMISS AND DENYING |
| | ) | ALTERNATIVE MOTION FOR GRAND |
| PATRICIA M. SYLING, | ) | JURY TRANSCRIPTS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO DISMISS AND
DENYING ALTERNATIVE MOTION FOR GRAND JURY TRANSCRIPTS

I.      INTRODUCTION.

Defendant Patricia M. Syling is charged with eight counts of mail fraud in violation of 18 U.S.C. § 1341.  See Felony Indictment (Aug. 23, 2007).  Syling is alleged to have used her position at Queens Medical Center to improperly cause Queens to enter into contracts with her personal businesses.

Pursuant Rule 12 of the Federal Rules of Criminal Procedure, Syling moves to dismiss the Indictment, arguing that: (1) the Indictment lacks a factual basis; (2) the Government improperly failed to present exculpatory evidence to the grand jury; (3) the Government improperly used hearsay evidence before the grand jury; (4) the prosecution committed misconduct by failing to present exculpatory evidence to the grand jury and by presenting hearsay evidence to the grand jury; and (5) under 28 U.S.C. § 530B, the Assistant United States Attorney did not comply with state ethical rules.  Alternatively, Syling moves for

grand jury transcripts.  Because Syling does not raise a persuasive argument for dismissing the Indictment or disclosing grand jury transcripts, her motions are denied without a hearing.

II.     LEGAL STANDARDS.

    A.     Motion to Dismiss.

Rule 12(b) of the Federal Rules of Criminal Procedure allows the consideration at the pretrial stage of any defense "which is capable of determination without the trial of the general issue."  United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993).  A motion to dismiss is generally "capable of determination" before trial if it involves questions of law rather than fact.  Id.  Although the court may make preliminary findings of fact necessary to decide legal questions presented by a motion, the court may not "invade the province of the ultimate finder of fact."  Id.  "In considering a motion to dismiss, a court is limited to the face of the indictment and must accept the facts alleged in that indictment as true."  United States v. Ruiz-Castro, 125 F. Supp. 2d 411, 413 (D. Haw. 2000).

An indictment is only required to "be a plain, concise and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  An indictment will withstand a motion to dismiss if it contains the elements of the charged offense(s) in sufficient detail (1) to enable the defendant to prepare his or her defense; (2) to ensure

the defendant that he or she is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable the defendant to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge. United States v. Rosi, 27 F.3d 409, 414 (9th Cir. 1994); United States v. Bernhardt, 840 F.2d 1441, 1445 (9th Cir. 1988).

An indictment that tracks the offense in the words of the statute is sufficient if those words fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved. United States v. Tavelman, 650 F.2d 1133, 1137 (9th Cir. 1981). A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence. Therefore, a motion to dismiss an indictment may not be used as a device for summary trial of the evidence. United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

    B.    Motion for Grand Jury Transcripts.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) permits a court to order disclosure of matters occurring before a grand jury "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "A trial judge should order disclosure of grand jury transcripts only when the party seeking

them has demonstrated that a particularized need exists . . . which outweighs the policy of secrecy." <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986) (citation omitted). Particularized need can be shown when grand jury records are necessary to impeach a witness, but more than a desire for a "fishing expedition" is required. <u>See</u> <u>United States v. Kim</u>, 577 F.2d 473, 478 (9th Cir. 1978). Particularized need must be based on more than mere speculation. <u>See</u> <u>Walczak</u>, 783 F.2d at 857. The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate. <u>See</u> <u>Pittsburgh Plate Glass Co. v. United States</u>, 360 U.S. 395, 400 (1959).

III.    <u>ANALYSIS.</u>

    A.    <u>The Motion to Dismiss is Denied.</u>

        1.    <u>Syling Cannot Challenge the Factual Basis of the Indictment.</u>

Syling claims that certain emails not presented to the grand jury demonstrate that she did not commit mail fraud. Syling may not seek dismissal of the Indictment on the ground that a factual basis for the charges does not exist. Whether the evidence is sufficient to prove that Syling committed mail fraud is a question for the jury, not this court. <u>See</u> <u>Nukida</u>, 8 F.3d at 669; <u>accord</u> <u>Jensen</u>, 93 F.3d at 669 (stating that a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, and that a motion to dismiss the indictment cannot be

4

used as a device for a summary trial of the evidence); United States v. Mann, 517 F.2d 259, 266-67 (5th Cir. 1975) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.").

>  2. The Government's Failure to Provide the Grand Jury with Exculpatory Evidence Does Not Justify Dismissal of the Indictment.

Syling argues that the Indictment should be dismissed because the Government allegedly failed to provide the grand jury with exculpatory evidence. Syling's argument fails because the Government has no duty to present such evidence to the grand jury.

The United States Supreme Court and the Ninth Circuit have ruled that the Government does not have a duty to present exculpatory evidence at grand jury proceedings. In United States v. Williams, 504 U.S. 36, 36 (1992), for example, the defendant challenged his indictment on the ground that the prosecutor failed to disclose exculpatory evidence. The Supreme Court ruled that there was no such duty because "requiring the prosecutor to present exculpatory as well as inculpatory evidence would alter the grand jury's historical role, transforming it from an accusatory to an adjudicatory body." Williams, 504 U.S. at 51.

5

The Supreme Court noted, "It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a charge." Id. The Supreme Court reversed the district court's dismissal of the indictment because "[i]mposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with this system." Id.

The Ninth Circuit has similarly rejected the argument that the Government has an obligation to present exculpatory evidence at a grand jury proceeding. See United States v. Manchester Farming P'ship, 315 F.3d 1176, 1185 n.20 (9th Cir. 2003) ("Appellants also claim that the government wrongfully ignored exculpatory evidence when it presented its case to the grand jury. This argument is foreclosed by United States v. Williams"); United States v. Isgro, 974 F.2d 1091, 1098 (9th Cir. 1992) ("prosecutors simply have no duty to present exculpatory evidence to grand juries"); United States v. Sears, Roebuck & Co., 719 F.2d 1386, 1394 (9th Cir. 1983) ("It is well settled that the prosecutor is not required to present the grand jury evidence which would tend to negate guilt.") (quotations and citation omitted).

In light of Supreme Court and Ninth Circuit rejections of the argument that an indictment should be dismissed when the Government fails to introduce exculpatory evidence at grand jury

proceedings, this court does not dismiss the Indictment on that ground.

          3.    Introduction of Hearsay Testimony Before the Grand Jury Does Not Justify Dismissal of the Indictment.

Syling next argues that a Government agent "presumably" took the stand and gave improper hearsay testimony to the grand jury. Motion to Dismiss at 9. This argument is unpersuasive because the Federal Rules of Evidence do not apply to grand jury proceedings. See Fed. R. Evid. 1101(d)(2) ("The rules of evidence (other than with respect to privileges) do not apply . . . to proceedings before grand juries."); accord United States v. Calandra, 414 U.S. 338, 343 (1974) (the grand jury's operation is "generally unrestrained by the technical procedural and evidentiary rules governing the conduct of criminal trials").

Even assuming the Government used hearsay testimony to establish that Syling forged a signature on business contracts, an indictment based on hearsay evidence is permissible. See Williams, 504 U.S. at 50, 67 n.11 (citing United States v. Costello, 350 U.S. 359, 363 (1956)); United States v. Zielezinski, 740 F.2d 727, 729 (9th Cir. 1984) ("Grand juries can properly indict suspects on the basis of hearsay"); United States v. Samango, 607 F.2d 877, 881 n.6 (9th Cir. 1979) ("An indictment based solely on hearsay evidence does not violate the Fifth Amendment; nothing more is constitutionally required of an

indictment than that it be returned by a legally constituted and unbiased grand jury.") (quotations and citation omitted); accord Costello, 350 U.S. at 363 (denying a motion to dismiss an indictment based on hearsay because "[i]t would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules").

Moreover, it is unclear whether the Government used hearsay evidence at the grand jury proceeding. Syling asserts that "[p]resumably, a Government agent took the stand and gave hearsay testimony to support the introduction of the exhibits presented." Motion to Dismiss at 9. However, the Government may have laid the foundation for the exhibits without relying on hearsay. For instance, the Federal Rules of Evidence allow the trier of fact to authenticate documents by comparing the proposed exhibit with a properly authenticated document. See Fed. R. Evid. 901(b)(3). If the grand jury had access to a document with a signature, it could have compared the signatures.

The court is unpersuaded by Syling's reliance on State v. Ganal, 81 Haw. 358, 367 n.11, 917 P.2d 370, 379 n.11 (Haw. 1996), for the proposition that the use of hearsay evidence constitutes a basis for dismissing her indictment. In Ganal, the Supreme Court of Hawaii stated, "Hearsay evidence should only be used in a grand jury proceeding when direct testimony is unavailable or when it is demonstrably inconvenient to summon

witnesses able to testify to facts from personal knowledge." Id. (brackets and citation omitted). Because Ganal involves Hawaii law, rather than firmly established law with respect to federal grand juries, it is not binding on this court. In fact, the Ninth Circuit has rejected a similar argument involving "the Second Circuit's rule authorizing dismissals of indictments if hearsay alone was deliberately used when better evidence was available." United States v. Samango, 607 F.2d 877, 881 n.6 (9th Cir. 1979).

          4.    There Is No Evidence of Prosecutorial Misconduct.

Syling next contends that, under Samango, 607 F.2d at 882 & n.8, the Government's misconduct is another ground for dismissing the Indictment. She says that the Government committed misconduct by failing to provide exculpatory evidence to the grand jury and by presenting hearsay testimony to the grand jury. Because the Government did not have a duty to present exculpatory evidence or abide by the hearsay rule in grand jury proceedings, the Government has not committed any "misconduct," and this argument fails.

          5.    The United States Attorney's Ethical Obligation Under 28 U.S.C. § 530B Does Not Mandate Dismissal of the Indictment.

Finally, Syling argues that the Indictment should be dismissed because, in her opinion, 28 U.S.C. § 530B, which provides "Ethical standards for attorneys for the Government,"

compels the Government to provide exculpatory evidence to the grand jury. Section 530B(a) states that an "attorney for the Government shall be subject to state laws and rules . . . governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and manner as other attorneys in that State." 28 U.S.C. § 530B(a). Syling attempts to use § 530B, in conjunction with State v. Bell, 60 Haw. 241, 589 P.2d 517 (1978), to create an "ethical standard" requiring the Government to present exculpatory evidence at grand jury proceedings.

Section § 530B does not override the law governing presentation of evidence in federal grand jury proceedings. The First Circuit similarly concluded that § 530B does not require application of state rules with respect to service of subpoenas in federal court. See Stern v. United States Dist. Court for the Dist. Of Mass., 214 F.3d 4 (1st Cir. 2000). In Stern, the United States District Court for the District of Massachusetts adopted a local rule requiring a prosecutor to have the court's permission to serve subpoenas on opposing attorneys. The district court attempted to validate its local rule by relying on § 530B and a similar state ethics rule. The First Circuit stated that, because "of the fundamental importance of the principles shielding federal installations and activities from regulation by the States, an authorization of state regulation is found only

10

when and to the extent there is a clear congressional mandate, specific congressional action that makes this authorization of state regulation clear and unambiguous." Id. at 19. The court concluded that the district court had not met this standard because "it simply cannot be said that Congress, by enacting section 530B, meant to empower states . . . to regulate government attorneys in a manner inconsistent with federal law." Id. at 19.

The Department of Justice has issued a regulation stating, "Section 530B requires Department attorneys to comply with state . . . rules of professional responsibility, but should not be construed in any way to alter federal substantive, procedural, or evidentiary law . . . ." 28 C.F.R. § 77.1(b). Other courts have also concluded that § 530B does not alter substantive federal standards. See United States v. Lowery, 166 F.3d 1119, 1125 (11th Cir. 1999) ("When it comes to the admissibility of evidence in federal court, the federal interest in enforcement of federal law, including federal evidentiary rules, is paramount. State rules of professional conduct, or state rules on any subject, cannot trump the Federal Rules of Evidence."). Syling's assertion that § 530B requires the introduction of exculpatory evidence in federal grand jury proceedings is unpersuasive.

11

        B.    <u>The Motion for Grand Jury Transcripts is Denied</u>.

Syling alternatively requests the grand jury transcripts.  <u>See</u> Alternative Motion for Grand Jury Transcripts.  This motion is denied because Syling has not alleged any possible basis for dismissing the indictment based on information contained in the transcripts.

Syling urges the court to grant discovery of the grand jury transcripts for the same reasons she raises in her motion to dismiss--the use of hearsay evidence and the omission of exculpatory evidence.  However, these reasons do not justify dismissing the Indictment.  To be entitled to grand jury transcripts, Rule 6(e)(3)(E)(ii) of the Federal Rules of Evidence requires a defendant to show "that a ground may exist to dismiss the indictment."  Because Syling has failed to show that any ground may exist to dismiss the Indictment, she is not entitled to the grand jury transcripts.  <u>See</u> <u>United States v. Murray</u>, 751 F.2d 1528, 1533 (9th Cir. 1985) ("The alleged instances of prosecutorial and grand jury misconduct during the first grand jury proceedings do not amount to the particularized need required to outweigh the secrecy of the grand jury proceedings.  The claimed misconduct would not have compelled the dismissal of the first superseding indictment.") (internal citations omitted).  The grounds that Syling provides do not outweigh the policy of secrecy afforded grand jury proceedings.

Obtaining grand jury transcripts might allow Syling to raise arguments beyond her motion to dismiss.  However, to obtain grand jury transcripts, the Ninth Circuit requires more than "mere speculation" to overcome the policy of grand jury secrecy.  See United States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986) (denying a motion for grand jury transcripts because defendant did not allege specific facts supporting his motion, making his motion speculative).  The Ninth Circuit has cautioned district courts against "allowing across the board fishing expeditions." United States v. Kim, 577 F.2d 473, 478 (9th Cir. 1978).  Because Syling has not alleged specific facts supporting any other possible ground for dismissal of the Indictment, her alternative motion for grand jury transcripts is denied.

V.      CONCLUSION.

For the reasons set forth above, the court denies Syling's motion to dismiss the Indictment and alternative motion for grand jury transcripts.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 10, 2008.

/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Syling, Crim. No. 07-00406 SOM; ORDER DENYING MOTION TO DISMISS AND DENYING ALTERNATIVE MOTION FOR GRAND JURY TRANSCRIPTS